**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **WUXI GOUGELILA ELECTRONIC COMMERCE CO., LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-25-CV-392-KC** |
| | § | |
| **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER**

On this day, the Court considered the case. On August 11, 2026, the Court referred Plaintiff's Motion for Default Judgment ("Motion"), ECF No. 56, to United States Magistrate Judge Anne T. Berton. Aug. 11, 2026, Text Order. On September 14, 2026, the Magistrate Judge filed a Report and Recommendation ("R&R"), ECF No. 62, concluding that the Motion should be granted in part and denied in part without prejudice. *Id.* at 27–28. Specifically, the R&R recommended that the motion be denied without prejudice as to the amount of damages requested (i.e., $62,966.82) and granted in all other respects. *Id.*

With regard to monetary damages, the Magistrate Judge found that an "award[ of] monetary relief under 35 U.S.C. § 289 based on 'the typical profit margin' in the industry to which the accused products pertain—substantiated by a declaration of the plaintiff's corporate representative" is permissible. R&R 22–23. Accordingly, the Magistrate Judge ordered that "Plaintiff may file a declaration of its corporate representative (or another competent individual) stating the typical profit margin in the pet playpen industry." *Id.* at 28. The R&R advised that to

the extent that Plaintiff fails to submit such a declaration, it may receive only the statutory minimum award of $250. *Id.*

Parties have fourteen days from service of a Report and Recommendation of a United States Magistrate Judge to file written objections. *See* 28 U.S.C. § 636(b)(1)(C).[1] Over fourteen days have elapsed since all parties were served with the R&R, and no objections have been filed.

When parties do not file written objections, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review to a report and recommendation. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After reviewing the R&R, the Court agrees with the Magistrate Judge's proposed findings of fact and conclusions of law and finds that they are neither clearly erroneous nor contrary to law. *See id.* at 1221.

Plaintiff has now filed the Declaration of Jinxin Mu, ECF No. 63, Wuxi's Manager. Mu states that "given [her] position and experience, [she] believe[s] the typical profit margin of the pet playpen industry is around 35% of gross sales." Mu Decl. Wuxi claims, based on the information obtained from Amazon, that Zhaoruyuan generated $62,966.82 in revenue from the sale of the accused products. R&R 19; *see also* Poplin Decl. ¶ 5, ECF No. 56-1.[2] Applying Mu's account of the typical profit margin for this type of product to the total revenue, Zhaoruyuan's profits from the accused product are estimated to total $22,038.39. The Court finds that this accounting, backed by non-speculative evidence, constitutes a reasonable award for the reasons outlined in the R&R. *See* R&R 22–23.

Accordingly, the Court **ADOPTS** the R&R, ECF No. 62, in its entirety, and **ORDERS**

[1] Federal district courts conduct de novo review of those portions of a report and recommendation to which a party has objected. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge . . . shall make a de novo determination of those portions of the report . . . to which objection is made . . . .").

[2] Pursuant to the Court's TRO, ECF No. 35, which the Court then converted to a Preliminary Injunction, ECF No. 37, Amazon restrained $1,551.38 of Zhaoruyuan's assets. *See* R&R 19.

that the Motion, ECF No. 56, is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Zhaoruyuan, its affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them are permanently enjoined and restrained from:

(1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

(2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and

(3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in Subparagraphs (1) and (2).

**IT IS FURTHER ORDERED** that upon Plaintiff's request, any third party with actual notice of this Order, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, along with any financial institutions or services providers, the "Third party Providers"), shall disable and cease displaying any advertisements used by or associated with Zhaoruyuan in connection with the sale of the Infringing Products.

**IT IS FURTHER ORDERED** that Pursuant to 35 U.S.C. § 289, Plaintiff is awarded a monetary judgment from Zhaoruyuan for infringing the '555 Patent. The Court **AWARDS** Plaintiff a monetary judgment in the amount of $22,038.39.

**IT IS FURTHER ORDERED** that Plaintiff may serve this Order on Third Party Providers by e-mail.

**IT IS FURTHER ORDERED** that all monies identified in Zhaoruyuan's financial accounts or financial accounts of Zhaoruyuan's owners or officers, including but not limited to monies held by Third Party Providers, up to the amount of $22,038.39, are **RELEASED** to Plaintiff as payment of the above-identified monetary judgment. Third Party Providers **SHALL** immediately freeze and then transfer to Plaintiff or Plaintiff's attorneys the monies identified in Zhaoruyuan's financial accounts or financial accounts of Zhaoruyuan's owners or officers, including but not limited to monies held by Third Party Providers, up to a total of $22,038.39 (including monies of Zhaoruyuan that are already restrained), in satisfaction of the monetary judgment awarded above. Transfer shall occur within seven calendar days of receipt of this Order. This Order shall remain in force until Plaintiff has received the entire amount of the monetary judgment awarded above.

**IT IS FURTHER ORDERED** that the Preliminary Injunction, ECF No. 37, is **DISSOLVED**.

**IT IS FURTHER ORDERED** that, **on or before October 14, 2026**, Plaintiff shall **FILE** a motion for return of the TRO bond, in which they shall specify the name and address of the depositor to whom they wish the United States District Clerk's Office to deliver the funds.

The Clerk shall close the case.

**SO ORDERED.**

**SIGNED this 30th day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE